IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELENA HUNTER,** on behalf of herself and all others similarly situated; **BLIND AMBITIONS GROUPS**; and, **BLIND AMBITIONS GROUPS**, on behalf of its members and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-2293-L** |
| **REGIONS BANK,** | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Regions Bank's Motion to Dismiss (Doc. 6) for lack of standing, filed September 28, 2012, pursuant to Federal Rule of Civil Procedure 12(b)(1); Defendant Regions Bank's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 9) for lack of standing, filed October 11, 2012, pursuant to Federal Rule of Civil Procedure 12(b)(1); Plaintiffs' Motion for Class Certification (Doc. 10), filed October 11, 2012; and Defendant Regions Bank's Motion to Dismiss or Stay Class Certification Pending Resolution of Defendant's Motion to Dismiss (Doc. 11), filed October 30, 2012. After carefully reviewing the motions, briefing, pleadings, evidence, and applicable law, the court **grants** Defendant Regions Bank's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (Doc. 9) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. The court's determination in this regard **moots** Defendant Regions Bank's Motion to Dismiss (Doc. 6), Plaintiffs' Motion for Class Certification (Doc. 10), and Defendant Regions Bank's Motion to Dismiss or Stay Class

Certification Pending Resolution of Defendant's Motion to Dismiss (Doc. 11). Accordingly, these motions are **denied as moot**.

## I.  Factual and Procedural Background

Plaintiff Elena Hunter ("Hunter"), who is blind, resides in Dallas, Texas. Hunter brought this action on July 13, 2012, on behalf of herself and others similarly situated against Regions Banks ("Regions" or "Defendant"), after visiting an ATM owned and operated by Regions located at 6029 Luther Lane, Dallas, Texas, 75225 (the "Subject ATM") on March 15, 2012. Blind Ambitions Group ("Blind Ambitions") was added as a plaintiff in Plaintiffs' First Amended Class Action Complaint ("Amended Complaint"). When appropriate, the court will refer herein to Hunter and Blind Ambitions collectively as "Plaintiffs."

Plaintiffs allege that Hunter is an active member of Blind Ambitions, which is a support organization for the blind. Plaintiffs allege that Hunter resides approximately seven miles from the Subject ATM and that the Subject ATM is located within the geographic zone that she typically travels as part of her everyday activities. With regard to the Subject ATM, Plaintiffs allege that when Hunter visited it on March 15, 2012, "she had in her possession an ATM card, and headphones that are compatible with the 2010 Standards and the 2012 TAS, and intended to avail herself of the banking services offered through [Region's] ATM" but was unable to do so because it is inaccessible to the blind. Pls.' Compl. 12, ¶ 55. According to the Amended Complaint, an investigation performed on behalf of Plaintiffs by an unspecified individual or entity revealed that many of the ATMs in Region's network violate relevant accessibility laws. Plaintiffs allege that Hunter will continue to attempt to use the Subject ATM "because she wants to identify convenient accessible

ATM options within the geographic zone that she typically travels as part of her everyday activities, for herself, Blind Ambitions Groups and for the blind community, generally." *Id*. ¶ 56.

The Amended Complaint also states that Regions has centralized policies regarding the management and operation of its ATMs, but it does not have a plan or policy that is reasonably calculated to cause its ATMs to be in timely compliance with the revisions to the 1991 Americans with Disabilities Act Accessibility Guidelines ("ADAAG") as set forth in Chapter 7 of The 2010 Standards for Accessible Design published by the Department of Justice ("2010 Standards") and the Final Rule published by the Department of Justice on September 15, 2010, that contains details regarding the 2010 Standards. According to Plaintiffs, the ADA requires banks and financial institutions that provide banking services through ATMs to ensure that such services are accessible to and usable by blind individuals, and the ADAAG includes specific guidelines to ensure compliance.

Plaintiffs assert claims against Regions for alleged violations of Title III of the Americans with Disabilities ("ADA"), the Texas Human Resource Code ("THRC"), the Texas Architectural Barrier Act ("TABA"), the Texas Accessibility Standards ("TAS"). For relief, Plaintiffs seek a declaratory judgment that Regions violated the ADA and 2010 Standards, the THRC, and TAS. Plaintiffs also seek: a permanent injunction requiring Regions to take necessary steps to bring all of its ATMs into compliance with the accessibility requirements at issue in this case; an order certifying the classes proposed by Plaintiffs; an award of $100 for Hunter and each member of the proposed class pursuant to section 121.004(b) of the THRC; costs of suit; reasonable attorney's fees; and any other relief that the court deems appropriate.

On September 28, 2012, Regions moved to dismiss Hunter's original Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. On October 11, 2012, after Plaintiffs amended their pleadings to add Blind Ambitions as a party, Regions moved to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(1) on the grounds that Hunter and Blind Ambitions both lack of standing under the ADA. Regions also contends that Plaintiffs have failed to state an ADA claim because an isolated malfunction does not constitute a violation of the ADA. The main issue of contention with regard to the motion to dismiss Plaintiffs' Amended Complaint is whether Hunter has suffered any injury-in-fact to support constitutional standing under the ADA. Regions contends that Blind Ambitions lacks standing as well because its standing is premised on Hunter's individual standing.

On October 11, 2012, Plaintiffs filed a Motion for Class Certification. On October 30, 2012, Regions requested the court to dismiss or stay any class certification until after ruling on its motion to dismiss. Plaintiffs objected to Regions request in this regard. Between December 2012 and August 2013, the parties filed a number of notices of supplemental authority in support of their respective positions, which the court discusses herein in more detail.

## II.     Standard Applicable to Defendant's Rule 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Dismissal of

a case for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"[T]he issue of standing is one of subject matter jurisdiction." *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). The doctrine of standing "has its origins in both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. *Ensley v. Cody Res., Inc.*, 171 F.3d 315, 319 (5th Cir. 1999) (internal quotations omitted). Standing "focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated" and deals with "the issue of whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* at 869 (citation omitted). As a general rule, standing must exist at the time an action is filed. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992); *Pederson*, 213 F.3d at 870.

At issue in Defendant's motion is whether Plaintiffs have constitutional standing. For constitutional standing, there must be: (1) injury in fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) the likelihood of redressability. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Plaintiffs seek injunctive and declaratory relief for Defendant's alleged ADA violations. To establish standing to pursue prospective equitable relief enjoining future alleged violations by the defendant, the plaintiff "must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations." *Armstrong v. Turner Industries, Inc.*, 141 F.3d 554, 563-64 (5th Cir. 1998) (quoting *Fair Employment Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268 (D.C. Cir. 1994), and applying the reasoning in *City of Los*

*Angeles v. Lyons*, 461 U.S. 95 (1983)); *id.* at 101-02 (To "satisfy the threshold requirement imposed by Article III of the Constitution[,]" a plaintiff seeking injunctive relief "must show that [s]he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical.") (internal quotations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Lujan*, 504 U.S. at 564; *Lyons*, 461 U.S. at 103. The same test for standing applies to claims for declaratory relief. *Armstrong*, 141 F.3d at 563-64.

Challenges to subject matter jurisdiction under Rule 12(b)(1) can either be facial or factual in nature. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If a party relies only on its Rule 12(b)(1) motion, the challenge to subject matter jurisdiction is considered a facial attack, and the court's determination of the motion is based on the sufficiency of the plaintiff's pleadings, which must be accepted as true. *Id.* If the plaintiff's pleadings are sufficient to support jurisdiction, the court must deny the Rule 12(b)(1) motion. *Id.*

A factual attack on the court's subject matter jurisdiction, on the other hand, "challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). When a Rule 12(b)(1) motion is supported by evidence, it is considered a factual attack, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court is therefore "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In response to a factual attack, the plaintiff, as the party

**Memorandum Opinion and Order – Page 6**

seeking to invoke jurisdiction, has the burden of submitting evidence and proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Paterson*, 644 F.2d at 523.

## III. Analysis

### A. Standing to Pursue ADA Claim

As previously noted, the parties filed a number of notices of supplemental authorities to apprise the court of rulings in other cases, including those cases brought by Hunter. In one such notice (Doc. 23), filed on February 20, 2013, Regions notified the court of orders entered by Chief Judge Sidney Fitzwater on February 19, 2013, in *Hunter v. Branch Banking and Trust Company*, No. 3:12-CV-2437-D, 2013 WL 607151 (N.D. Tex. Feb. 19, 2013) ("*BBT*"), and *Hunter v. Midsouth Bank, N.A.*, Case No. 3:12-CV-1922-D ("*Midsouth*").[1] Regions did not indicate in its Notice of Supplemental Authority which motions were before the court in the aforementioned cases; nor did it state how Chief Judge Fitzwater ruled. Regions, however, noted that both of these cases involve the same Plaintiffs and nearly identical facts and claims as those asserted by Plaintiffs in this case.

Plaintiffs contended in response (Doc. 24) that Regions' Notice of Supplemental Authority mischaracterizes the significance of Chief Judge Fitzwater's rulings in *BBT* and *Midsouth*. Although the defendants' motions to dismiss for lack of standing were granted in both cases, Plaintiffs note that the court gave them another opportunity to amend their pleadings in both cases and put Plaintiffs on notice that they would need to prepare a response supported by evidence if the defendants asserted

---

[1] The opinion in *Midsouth* (Doc. 39) consists of a two-page order that simply grants Midsouth's motion to dismiss for essentially the same reasons as set forth in the court's opinion in *BBT*. The *Midsouth* order is not available on Westlaw.

**Memorandum Opinion and Order – Page 7**

another factual challenge to standing. Because Chief Judge Fitzwater did not reach Plaintiffs' contentions as to whether they satisfied the "intent to return" test or "deterrent effect" doctrine for purposes of establishing an injury-in-fact sufficient to pursue injunctive relief under the ADA, Plaintiffs contend that the opinions in *BBT* and *Midsouth* are not instructive or relevant to Regions' pending motion to dismiss in this case.

After Plaintiffs amended their pleadings in *BBT*, the defendant in that case moved again to dismiss for lack of standing. Because BBT's motion to dismiss asked the court to consider Hunter's ADA litigation history, the court concluded in an opinion dated August 12, 2013, that the challenge to standing was factual rather than facial. In light of Hunter's evidence in response to the motion to dismiss and the lack of any contrary proof by BBT, the court concluded that Plaintiffs had established by a preponderance of the evidence that Hunter established injury-in-fact and standing under the ADA, although it was a close call. On August 13, 2013, Plaintiffs filed a Notice of Supplemental Authority to apprise the court of Chief Judge Fitzwater's August 12, 2013 ruling in *BBT*. Plaintiff further noted that *BBT* is "an action involving almost identical factual and legal issues." Pls.' Notice 1 (Doc. 27).

The court agrees with the parties that *BBT* involves the same Plaintiffs and quite similar factual and legal issues. Additionally, in both cases Plaintiffs presented the same declaration from Blind Ambitions' president and chief executive officer Mark Marvel in response to the earlier filed motions to dismiss. Accordingly, for the reasons stated in Chief Judge Fitzwater's February 19, 2013 opinion in *BBT*, the court concludes that Plaintiffs lack standing and Regions is entitled to dismissal of Plaintiffs' ADA claim. *Hunter v. Branch Banking and Trust Company*, 2013 WL 607151 at *2-4.

**Memorandum Opinion and Order – Page 8**

Like *BBT*, Regions' motion to dismiss presents a factual challenge to Hunter's standing because it has requested the court to consider Hunter's ADA litigation history. As a result, no presumption of truth attaches to Plaintiffs' factual allegations as to Hunter in considering whether she has standing and whether dismissal of her claims pursuant to Rule 12(b)(1) is appropriate. *Williamson*, 645 F.2d at 412. Plaintiffs therefore cannot rely on their pleadings in response to Regions' factual challenge to Hunter's standing and instead must come forward with evidence to show that subject matter jurisdiction exists. Because Plaintiffs have not come forward with any evidence in response to Regions' factual challenge to Hunter's standing, the court concludes that they have failed to meet their burden, as to Hunter, to establish subject matter jurisdiction. Further, Because Blind Ambitions relies on Hunter's individual standing as a member of Blind Ambitions to establish representational standing, it cannot meet its burden of establishing representational standing, and for the reasons explained by Chief Judge Fitzwater, Plaintiffs' pleadings in their Amended Complaint are insufficient to show that Blind Ambitions has organizational standing. The court will therefore dismiss Plaintiffs' ADA claim for lack of subject matter jurisdiction.

Rather than permitting Plaintiffs to amend, however, the court will dismiss the action without prejudice. Plaintiffs' ADA claim for lack of subject matter jurisdiction.[2] Plaintiffs previously took

---

[2] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted).

**Memorandum Opinion and Order – Page 9**

advantage of their right under Rule 15(a) to amend their pleadings once as a matter of course after Regions filed its first motion to dismiss on September 28, 2012.[3] More importantly, Plaintiffs acknowledge that they were on notice as a result of Chief Judge Fitzwater's February 19, 2013 ruling in *BBT* that they had the burden of coming forward with evidence in response to a factual attack to standing and proving by a preponderance of the evidence the existence of subject matter jurisdiction. They were also on notice that their pleadings were insufficient to establish Blind Ambitions' standing under the ADA. Despite Plaintiffs' notice in this regard, they have not made any attempt to seek leave to amend their pleadings or submit evidence in response to Regions' factual challenge to Hunter's standing; nor have they requested to amend further their pleadings in response to Regions' motion to dismiss their Amended Complaint. The court will therefore not allow Plaintiffs a further opportunity to amend their pleadings.

        **B.**     **State Law Claims – Exercise of Supplemental Jurisdiction**

As a general rule, courts "decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). In deciding whether to exercise supplemental jurisdiction, courts

---

[3] The docket reflects that Defendant's amended motion to dismiss and Plaintiffs' Amended Complaint were both filed on September 28, 2012; however, Defendant's motion was filed at 11:32 a.m., and Plaintiffs' Amended Complaint was filed 2 hours later at 1:35 p.m.

**Memorandum Opinion and Order – Page 10**

consider the statutory provisions of 28 U.S.C. § 1367(c), as well as "the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Id.* at 350-51. No single factor is dispositive. *Id.*

Applying these factors to this case, the court determines that they weigh in favor of the court declining to exercise supplemental jurisdiction. There has been minimal activity in the case since it was filed, no scheduling order has been entered, minimal judicial resources have been expended, and the court has not addressed the merits of Plaintiffs' state law claims. There is no indication the parties have expended a sizeable amount of money or time preparing Plaintiffs' state claims in federal court. Further, dismissal of this action without prejudice to Plaintiffs' right to bring or assert the claims in state court would not be unfair or inconvenient because, according to Plaintiffs' pleadings, Hunter intends to return to the Subject ATM to determine whether it is accessible and continue in her general efforts to locate ATMs that are accessible to the blind. In addition, it appears that all parties are located in Texas. In light of these facts and the court's dismissal of Plaintiffs' ADA claim for lack of subject matter jurisdiction, the court declines to exercise supplemental jurisdiction over their state law claims. *Brookshire Bros. Holdings, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]"). Accordingly, the court will dismiss Plaintiffs' state claims without prejudice.

## IV.   Conclusion

For the reasons herein stated, the court lacks subject matter jurisdiction over Plaintiffs' ADA claim and declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. The court therefore **grants** Defendant Regions Bank's Motion to Dismiss Plaintiffs' First Amended

Class Action Complaint (Doc. 9) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. The court's determination in this regard **moots** Defendant Regions Bank's Motion to Dismiss (Doc. 6), Plaintiffs' Motion for Class Certification (Doc. 10), and Defendant Regions Bank's Motion to Dismiss or Stay Class Certification Pending Resolution of Defendant's Motion to Dismiss (Doc. 11). Accordingly, these motions are **denied as moot**. The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    **It is so ordered** this 13th day of September, 2013.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge